IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jennifer Spivey Foley, as Personal Representative of the Estate of Scott Ryan Spivey, Deborah Spivey, individually, and Byron Spivey, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Brandon Strickland, Alan Jones, Damon Vescovi, Kerry Higgs, Daniel Spencer, Mark Johnson, , Randall Ghent, Doug Dishong, Matthew. Stephenson, Greg Lent, Mick Kathman, Joseph Hill, John Sotile, and Horry County,<br><br>Defendants. | C/A No.: 4:26-cv-_____________<br><br>**PLAINTIFFS' ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES** |

Pursuant to Rule 26.01 of the Local Civil Rules for the United States District Court, District of South Carolina, Plaintiffs hereby answers the Rule 26.01 Interrogatories as follows:

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE: Plaintiffs are unaware of any person or entity currently asserting a subrogation interest in this action.**

(B) As to each claim, state whether it should be tried by jury or non-jury and why.

**RESPONSE: Plaintiffs contend that all claims should be tried by a jury because Plaintiffs seek legal relief, including compensatory and consequential damages and, as to the individual Defendants, punitive damages. Plaintiffs have demanded a jury trial on all claims so triable.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the

outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**RESPONSE: Plaintiffs are not publicly owned companies. Accordingly, none of the disclosures requested in subparts (1), (2), or (3) are applicable.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**RESPONSE: This action was properly filed in the Florence Division because the majority of the events and omissions giving rise to Plaintiffs' claims occurred in Horry County, South Carolina, which is within the Florence Division of the United States District Court for the District of South Carolina. The underlying wrongful acts all occurred in Horry County, and the acts and omissions of Defendants giving rise to the claims asserted in this action occurred primarily in Horry County.**

(E) Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE: Plaintiffs are not aware of any related action(s) filed in U.S. District Court arising out of the same incident.**

(F) **[DEFENDANTS ONLY]** If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**RESPONSE: Not applicable**

(G) **[DEFENDANTS ONLY]** If you contend that some other person or legal entity is in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**RESPONSE: Not applicable.**

(H) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**RESPONSE: Not applicable. This action is not based on diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs invoke federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 based upon claims arising under 42 U.S.C. § 1983 and the United States Constitution.**

GOODING AND GOODING, P.A.

By: s/ Mark B. Tinsley
Mark B. Tinsley, Fed. Bar No.7160
Laine Brabham Gooding, Fed. Bar No. 13207
P.O. Box 1000
Allendale, SC 29810
803-584-7676
mark@goodingandgooding.com
laine@goodingandgooding.com

-and-

s/John S. Nichols
John S. Nichols, Fed. Bar No. 2535
Bluestein Thompson Sullivan, LLC
Post Office Box 7965
Columbia, SC 29202
803-779-7599
john@bluesteinattorneys.com

-and-

s/ Natasha M. Hanna
Natasha M. Hanna, Fed. Bar No. 9306
Law Ofc. of Natasha M. Hanna, P.C.
4712 Jenn Dr., Suite A
Myrtle Beach, SC 29577
(843) 839-8002
natasha@nhannalaw.com

September 8, 2026

*Attorneys for Plaintiff*