UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jennifer Spivey Foley, as Personal Representative of the Estate of Scott Ryan Spivey, Deborah Spivey, individually, and Byron Spivey, individually,<br><br>Plaintiffs,<br><br>v.<br><br>Brandon Strickland, Alan Jones, Damon Vescovi, Kerry Higgs, Daniel Spencer, Mark Johnson, Doug Dishong, Matthew Stephenson, Greg Lent, Mick Kathman, Joseph Hill, John Sotile, and Horry County,<br><br>Defendants. | C/A No.: 4:26-cv-03939-JD<br><br>**ANSWER OF DEFENDANT VESCOVI TO AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |

Defendant Damon Vescovi ("this Defendant"), by and through the undersigned legal counsel, does hereby respond to the Plaintiffs' Amended Complaint as follows:

1. Each and every allegation of the Plaintiffs' Amended Complaint not specifically admitted herein, is denied.

2. This Defendant admits only that portion of paragraph 1 of the Plaintiffs' Amended Complaint which alleges that this case involves alleged violations of the Plaintiffs' civil rights. All remaining and/or inconsistent portions of paragraph 1 of the Plaintiffs' Amended Complaint are denied.

3. This Defendant admits only that portion of paragraph 2 of the Plaintiffs' Amended Complaint which alleges that the Plaintiffs attempt to bring claims pursuant to 42 U.S.C. § 1983. All remaining and/or inconsistent portions of paragraph 2 of the Plaintiffs' Amended Complaint are denied.

4. Paragraph 3 of the Plaintiffs' Amended Complaint calls for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraph 3 of the Plaintiffs' Amended Complaint.

5. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 4-5 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 4-5 of the Plaintiffs' Amended Complaint are denied.

6. This Defendant admits only that portion of paragraph 6 of the Plaintiffs' Amended Complaint which alleges that he was previously employed as a law enforcement and/or supervisory officer by the Horry County Police Department. All remaining and/or inconsistent portions of paragraph 6 of the Plaintiffs' Amended Complaint are denied.

7. Paragraph 7 of the Plaintiffs' Amended Complaint calls for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraph 7 of the Plaintiffs' Amended Complaint.

8. This Defendant admits only that portion of paragraph 8 of the Plaintiffs' Amended Complaint which alleges that the majority of events alleged occurred in Horry County, South Carolina, which is within the Florence Division of the United States District Court for the District of South Carolina. All remaining and/or inconsistent portions of paragraph 8 of the Plaintiffs' Amended Complaint are denied.

9. This Defendant admits only that portion of paragraph 9 of the Plaintiffs' Amended Complaint which alleges that the Plaintiffs attempt to assert claims pursuant to 42 U.S.C. § 1983. All remaining and/or inconsistent portions of paragraph 9 of the Plaintiffs' Amended Complaint are denied.

10. Paragraphs 10-14 of the Plaintiffs' Amended Complaint call for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraphs 10-14 of the Plaintiffs' Amended Complaint.

11. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 15-22 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 15-22 of the Plaintiffs' Amended Complaint are denied.

12. This Defendant admits only that portion of paragraph 23 of the Plaintiffs' Amended Complaint which alleges that he responded on scene. All remaining and/or inconsistent portions of paragraph 23 of the Plaintiffs' Amended Complaint are denied.

13. This Defendant admits only that portion of paragraph 24 of the Plaintiffs' Amended Complaint which alleges that he had discussions concerning what had occurred with Weldon Boyd, that he may have said "you should be okay," had a brief conversation with Mr. Boyd's attorney, retrieved a notepad, and wrote a note to Mr. Boyd stating something to the effect of "Act like a victim. Camera." All remaining and/or inconsistent portions of paragraph 24 of the Plaintiffs' Amended Complaint are denied.

14. This Defendant denies those portions of paragraph 25 of the Plaintiffs' Amended Complaint which pertain to him. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of the remaining portions of paragraph

25 of the Plaintiffs' Amended Complaint. Consequently, the remaining portions of paragraph 25 of the Plaintiffs' Amended Complaint are denied.

15. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraph 26 of the Plaintiffs' Amended Complaint. Consequently, paragraph 26 of the Plaintiffs' Amended Complaint is denied.

16. This Defendant denies paragraph 27 of the Plaintiffs' Amended Complaint.

17. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 28-35 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 28-35 of the Plaintiffs' Amended Complaint are denied.

18. This Defendant denies paragraph 36 of the Plaintiffs' Amended Complaint.

19. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 37-50 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 37-50 of the Plaintiffs' Amended Complaint are denied.

20. This Defendant denies paragraph 51 of the Plaintiffs' Amended Complaint.

21. Paragraph 52 of the Plaintiffs' Amended Complaint calls for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraph 52 of the Plaintiffs' Amended Complaint.

22. This Defendant denies paragraph 53 of the Plaintiffs' Amended Complaint.

23. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 54-56 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 54-56 of the Plaintiffs' Amended Complaint are denied.

24. This Defendant denies paragraph 57 of the Plaintiffs' Amended Complaint.

25. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 58-60 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 58-60 of the Plaintiffs' Amended Complaint are denied.

26. This Defendant admits only that portion of paragraph 61 of the Plaintiffs' Amended Complaint, which alleges that during his employment with the Horry County Police Department ("HCPD") he had been the subject of an unwarranted prior investigation. All remaining and/or inconsistent portions of paragraph 61 of the Plaintiffs' Amended Complaint are denied.

27. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 62-64 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 62-64 of the Plaintiffs' Amended Complaint are denied.

28. This Defendant realleges and reiterates each and every response set forth above in response to paragraph 65 of the Plaintiffs' Amended Complaint, as if fully set forth herein.

29. This Defendant admits only that portion of paragraph 66 of the Plaintiffs' Amended Complaint which alleges that Plaintiff Jennifer Spivey Foley, as Personal Representative, attempts to assert a cause of action pursuant to 42 U.S.C. § 1983 against this Defendant, but denies that she is entitled to any relief. All remaining and/or inconsistent portions of paragraph 66 of the Plaintiffs' Amended Complaint are denied.

30. Paragraphs 67-72 of the Plaintiffs' Amended Complaint call for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraphs 67-72 of the Plaintiffs' Amended Complaint.

31. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraph 73 of the Plaintiffs' Amended Complaint. Consequently, paragraph 73 of the Plaintiffs' Amended Complaint is denied.

32. Paragraphs 74-76 of the Plaintiffs' Amended Complaint call for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraphs 74-76 of the Plaintiffs' Amended Complaint.

33. This Defendant denies paragraphs 77-88 of the Plaintiffs' Amended Complaint.

34. This Defendant realleges and reiterates each and every response set forth above in response to paragraph 89 of the Plaintiffs' Amended Complaint, as if fully set forth herein.

35. This Defendant admits only that portion of paragraph 90 of the Plaintiffs' Amended Complaint, which alleges that Plaintiffs are attempting to bring a cause of action pursuant to 42 U.S.C. § 1983 against Defendant Joseph Hill. All remaining and/or inconsistent portions of paragraph 90 of the Plaintiffs' Amended Complaint are denied.

36. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 91-96 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 91-96 of the Plaintiffs' Amended Complaint are denied.

37. This Defendant realleges and reiterates each and every response set forth above in response to paragraph 97 of the Plaintiffs' Amended Complaint, as if fully set forth herein.

38. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 98-104 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 98-104 of the Plaintiffs' Amended Complaint are denied.

39. This Defendant realleges and reiterates each and every response set forth above in response to paragraph 105 of the Plaintiffs' Amended Complaint, as if fully set forth herein.

40. Paragraph 106 of the Plaintiffs' Amended Complaint does not assert the Fourth Cause of Action against this Defendant, and therefore no response is required of this Defendant. To the extent that a response is deemed necessary, this Defendant denies paragraph 106 of the Plaintiffs' Amended Complaint.

41. Paragraphs 107-108 of the Plaintiffs' Amended Complaint call for a legal conclusion to which this Defendant is not qualified to respond. To the extent that a response is deemed necessary, this Defendant denies paragraphs 107-108 of the Plaintiffs' Amended Complaint.

42. This Defendant denies paragraphs 109-117 of the Plaintiffs' Amended Complaint.

43. This Defendant admits only that portion of paragraph 118 of the Plaintiffs' Amended Complaint which alleges that the Plaintiffs are seeking damages in this case, but denies that they are entitled to same. All remaining and/or inconsistent portions of paragraph 118 of the Plaintiffs' Amended Complaint are denied.

44. This Defendant realleges and reiterates each and every response set forth above in response to paragraph 119 of the Plaintiffs' Amended Complaint, as if fully set forth herein.

45. This Defendant is without sufficient information necessary to either admit or deny the truth or falsity of paragraphs 120-125 of the Plaintiffs' Amended Complaint. Consequently, paragraphs 120-125 of the Plaintiffs' Amended Complaint are denied.

46. This Defendant admits only that portion of paragraph 126 of the Plaintiffs' Amended Complaint which alleges that the Plaintiffs are seeking damages in this case, but denies that they are entitled to same. All remaining and/or inconsistent portions of paragraph 126 of the Plaintiffs' Amended Complaint are denied.

**FOR A FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim upon Which Relief May Be Granted)

47. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted against this Defendant and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A SECOND AFFIRMATIVE DEFENSE**
(Constitutionality)

48. The acts, conduct, and/or omissions complained of by the Plaintiffs were constitutional.

**FOR A THIRD AFFIRMATIVE DEFENSE**
(Any Alleged Constitutional Violations of the Plaintiff Were Not Sufficiently Serious)

49. Any alleged violations of the Plaintiffs were not sufficiently serious to implicate the provisions of the United States Constitution.

**FOR A FOURTH AFFIRMATIVE DEFENSE**
(Eleventh Amendment/Sovereign Immunity)

50. The instant action is barred against this Defendant by virtue of the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity. Similarly, this Defendant is considered to be an arm of the State of South Carolina and is entitled to sovereign immunity from suit in his official capacity.

**FOR A FIFTH AFFIRMATIVE DEFENSE**
(No Respondeat Superior Liability)

51. This Defendant cannot be held liable pursuant to 42 U.S.C. § 1983 on a respondeat superior basis.

**FOR A SIXTH AFFIRMATIVE DEFENSE**
(Qualified Immunity)

52. This Defendant is entitled to qualified immunity.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**
(Any Award of Punitive Damages Is Inappropriate)

53. Any award of punitive damages in this case is not appropriate, since the acts, conduct, or omissions, if any, of this Defendant did not constitute reckless or callous indifference to the Plaintiffs' civil rights, were not intentional, were not in deliberate disregard of the Plaintiff's rights, and were not malicious.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**
(Lack of Proximate Cause)

54. Any injuries alleged to have been incurred by the Plaintiffs were not proximately caused by any acts, conduct, and/or omissions of this Defendant.

**FOR A NINTH AFFIRMATIVE DEFENSE**
(Unconstitutionality of Punitive Damages Award)

55. Plaintiffs' seeking of punitive damages in this case violates this Defendant's rights under Article I, § 10 of the United States Constitution, as well as the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the similar provisions of the Constitution of the State of South Carolina.

**FOR A TENTH AFFIRMATIVE DEFENSE**
(Justification/Lawfulness)

56. That the acts, conduct, and/or omissions of this Defendant were legally justified and lawful.

**<u>FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>**
(No Actual Injury)

57. Plaintiff suffered no actual injury as a result of the claims alleged.

**<u>FOR A TWELFTH AFFIRMATIVE DEFENSE</u>**
(Duplicative or Redundant Lawsuits)

58. This lawsuit is either duplicative or redundant and should be dismissed.

**<u>FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>**
(Res Judicata/Collateral Estoppel)

59. Plaintiff's claims, if any, may be barred by the doctrines of res judicata and/or collateral estoppel.

**<u>FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>**
(Abstention)

60. This Court should exercise its discretionary authority to abstain from hearing this legal action, since a related, underlying, claim remains pending in South Carolina state court.

**<u>FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>**
(Illegality)

61. The doctrine of illegality bars the instant action.

**<u>FOR A SIXTEENTH AFFIRMATIVE DEFENSE</u>**
(Laches, Waiver, and Estoppel)

62. The doctrines of laches, waiver, and estoppel bar the instant action.

**<u>FOR A SEVENTEENTH AFFIRMATIVE DEFENSE</u>**
(Federalism, Efficiency, and Comity)

63. Where, as here, a related, underlying, lawsuit remains pending in state court, considerations of federalism, efficiency, and comity weigh in favor of abstention.

**<u>FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE</u>**
(Reservation of Defenses)

64. This Defendant reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by information acquired during discovery or otherwise.

**FOR A NINETEENTH AFFIRMATIVE DEFENSE**
(Lack of Standing)

65. Plaintiff Jennifer Spivey Foley may lack standing to pursue the instant claims.

**DEMAND FOR JURY TRIAL**

66. This Defendant demands that all genuine issues of material fact, should any exist, be tried before a jury.

WHEREFORE, having fully responded to the allegations of the Plaintiffs' Amended Complaint, Defendant Vescovi respectfully requests that this action be dismissed, judgment in his favor be awarded and that he be awarded his costs and attorney's fees in defending this frivolous action.

WILLCOX, BUYCK & WILLIAMS, P.A.

By: s/ J. Scott Kozacki
J. Scott Kozacki
Fed ID. No. 5456
PO Box 1909
Florence, SC 29503-1909
(843) 662-3258 Telephone
(843) 662-1342 Fax
Email: skozacki@WillcoxLaw.com
Attorney for Defendant Damon Vescovi

October 29, 2026
Florence, South Carolina