**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Jennifer Spivey Foley, as Personal Representative of the Estate of Scott Ryan Spivey, Deborah Spivey, individually, and Byron Spivey, individually,<br><br>Plaintiffs,<br><br>v.<br><br>Brandon Strickland, Alan Jones, Damon Vescovi, Kerry Higgs, Daniel Spencer, Mark Johnson, Doug Dishong, Matthew Stephenson, Greg Lent, Mick Kathman, Joseph Hill, John Sotile, and Horry County,<br><br>Defendants. | C/A No.: 4:26-cv-03939-JD<br><br>**JONES, HIGGS, DISHONG, STEPHENSON, KATHMAN AND SOTILE'S AMENDED ANSWER TO AMENDED COMPLAINT (Jury Trial Demanded)** |

NOW COME the individually named Defendants Alan Jones, Kerry Higgs, Doug Dishong, Matthew Stephenson, Mick Kathman and John Sotile ("Answering Defendants"),[1] by and through their undersigned counsel, and, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, hereby file this Amended Answer to Plaintiffs' Amended Complaint (ECF No. 18), which supersedes their Answer filed November 4, 2026 (ECF No. 23). This Amended Answer is filed subject to, and without waiving, Answering Defendants' Motion to Dismiss pursuant to Rules 12(b)(6), 12(c), and 12(h)(2)(B), filed contemporaneously herewith, and the defenses and immunities asserted therein, including qualified immunity, all of which are expressly preserved. Answering Defendants answer the Amended Complaint as follows:

**FOR A FIRST DEFENSE**
(Qualified General Denial)

*All allegations of the Amended Complaint not specifically admitted herein are denied. Headings and unnumbered text in the Amended Complaint are not allegations requiring a response; to the extent a response is required, they are denied.*

[1] All references to "Answering Defendants" in this Amended Answer refer only to these answering Defendants: Jones, Higgs, Dishong, Stephenson, Kathman and Sotile. This Amended Answer does not provide any responses for any other named Defendants.

## INTRODUCTION

1. Deny and demand strict proof thereof.

2. This paragraph is a statement of the Plaintiffs' claims. To the extent that this paragraph contains any allegations against Answering Defendants, deny and demand strict proof thereof.

3. This is a statement of the claims without allegation against any Defendant. Answering Defendants deny that Plaintiffs have any federally protected rights that were deprived, further deny that the quasi-property interest alleged is a constitutionally protected interest or that any such interest was deprived, and demand strict proof thereof.

## PRELIMINARY STATEMENT OF CASE, PARTIES & JURISDICTION

4. Lack knowledge and information about Foley and the Estate as no appointment of Personal Representative documents were served with the Amended Complaint, and therefore deny and demand strict proof thereof.

5. Lack knowledge and information about Plaintiffs. To the extent this paragraph contains any allegations against Answering Defendants, deny and demand strict proof thereof.

6. Admit that Answering Defendants were law enforcement officers employed by the Horry County Police Department at the relevant times and that they are sued in their individual capacities. The remaining allegations of this paragraph are denied and strict proof is demanded thereof.

7. This paragraph is directed to a Defendant other than Answering Defendants. Admit only that Horry County is a political subdivision of the State of South Carolina.

8. Admit.

9. Admit only that Plaintiffs have made allegations against Answering Defendants. Deny that the allegations are true and demand strict proof thereof.

10. Admit that Answering Defendants acted under color of state law. Deny the remaining allegations of this paragraph to the extent they allege any wrongdoing by Answering Defendants.

11. This is a statement of law that requires no response. To the extent a response is required, deny.

12. This paragraph contains a statement of law that requires no response and is further asserted against a party other than Answering Defendants. To the extent a response is required, deny.

13. This is a statement of jurisdiction that contains no allegations and therefore requires no response.

14. This is a statement of venue that contains no allegations and therefore requires no response.

## FACTUAL ALLEGATIONS

15. Upon information and belief, admit that Spivey was driving his vehicle on Highway 9 while intoxicated.

16. Upon information and belief, admit only that Spivey's and Boyd's vehicles encountered one another and that there was some type of interaction between them that resulted in continued interaction. Further admit that Williams was a passenger in Boyd's truck. Lack knowledge and information about the emotional state of either driver and therefore deny and demand strict proof thereof.

17. Upon information and belief, admit only that there were episodes of inappropriate conduct by both Spivey and Boyd while driving. Deny the remaining allegations.

18. The 911 call is the best evidence of what was said by Boyd to the dispatcher. Lack knowledge and information as to what Spivey was doing at that time. Admit that it appears that Boyd continued to follow Spivey.

19. Admit that both parties turned onto Camp Swamp Road and came to a stop. Lack knowledge and information about who fired first. Admit that Boyd and Williams fired resulting in Spivey's death. Lack knowledge or information about the remainder and therefore deny and demand strict proof thereof.

20. Lack knowledge and information about who Boyd called and in what order, but admit, upon information and belief, that he called his lawyer and Strickland. Admit only that Strickland was a Deputy Chief of the Horry County Police Department. Deny the remaining allegations, including the characterization of Strickland's authority as "final and ultimate," and demand strict proof thereof.

21. Upon information and belief, admit that Strickland and Boyd were friends, but assert that the nature and extent of their relationship was not known by Answering Defendants at the time. Lack knowledge and information about the content of Strickland's conversations with Boyd or Strickland's motivation for his decision-making. To the extent that there are allegations against Answering Defendants, deny and demand strict proof thereof.

22. Deny that any Answering Defendant, including Jones, Stephenson and Kathman, received, relayed, or participated in any plan or strategy to protect Boyd, violate protocol, or "follow Boyd's narrative," and demand strict proof thereof.

23. Admit that Higgs was on scene with Vescovi, who was his superior. Deny that Higgs acted inappropriately on scene and demand strict proof thereof.

24. The first eight sentences of this paragraph contain allegations against a separate Defendant and no response is necessary from Answering Defendants. Higgs admits that he properly instructed Boyd to stop talking and sharing information. Answering Defendants deny that they provided anyone "instructions to help the narrative" or that there was a coordinated

effort to turn off body-worn cameras or audio to cover anything up. Deny any conspiracy involving any of Answering Defendants and deny all allegations of wrongdoing in this paragraph.

25. Dishong admits that he made the decision to have officers turn off their body-worn cameras but denies any nefarious purpose or intent. Deny that Answering Defendants participated in any concealment, evidence manipulation or other wrongdoing and deny the remaining allegations.

26. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent a response is required, deny.

27. This paragraph contains multiple allegations against "Defendants" as a whole. Answering Defendants deny and demand strict proof thereof.

28. Admit that Kathman went to the scene and that he made the decision regarding the tow of the vehicle. Deny that Kathman had any inappropriate communications or coordination with Strickland. Deny that the vehicle and body were not handled through ordinary procedures and deny the remaining allegations.

29. To the extent there are allegations against Answering Defendants in this paragraph, they are denied and strict proof is demanded thereof.

30. Admit that Stephenson was involved in the decision regarding the tow of the vehicle. Deny that he secured the vehicle, that he made any decisions about the seizure of the tablet, or that he intentionally took any action or declined to take any action for the purpose of depriving any person or entity of evidence, and demand strict proof thereof.

31. Admit that Sotile was asked to retrieve video footage from Boardwalk Billy's, and assert that he did so. Deny that Sotile intentionally omitted any specific type or portion of the video, deny any improper purpose, and assert that his actions in obtaining the video did not violate any of the Plaintiffs' rights.

32. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent a response is required, deny.

33. Lack knowledge and information about what Plaintiffs learned or viewed. Deny that Answering Defendants are responsible for Plaintiffs viewing such information or for their alleged emotional distress and mental anguish, and demand strict proof thereof.

34. Deny that any conversation in which any Answering Defendant participated regarding the Spivey family was for any nefarious purpose or to conceal any illegality, and deny the remaining allegations of this paragraph. To the extent any such conversation occurred, it was for the purpose of preventing distress to the family.

35. As stated in the Amended Complaint, Boyd's recording of his calls was unbeknownst to the Defendants. Answering Defendants lack knowledge and information sufficient to admit or deny the allegations of this paragraph and therefore deny and demand strict proof thereof. Specifically deny that any Answering Defendant followed the lead or direction of Strickland in any improper manner.

36. Deny and demand strict proof thereof.

37. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent a response is required, deny.

38. This paragraph is directed at Defendants other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent this paragraph is directed at any Answering Defendant as "other HCPD personnel serving in command positions," deny and demand strict proof thereof.

39. To the extent that this paragraph is directed at Answering Defendants, deny any and all allegations of improper conduct and demand strict proof thereof.

40. To the extent that this paragraph is directed at Answering Defendants, deny any and all allegations of improper conduct and demand strict proof thereof.

41. To the extent that this paragraph is directed at Answering Defendants, deny any and all allegations of improper conduct and demand strict proof thereof.

42. To the extent that this paragraph is directed at Answering Defendants, deny any and all allegations of improper conduct and demand strict proof thereof.

43. As to any allegations in this paragraph directed at Answering Defendants, deny any and all allegations of improper conduct, concealment, or suppression, and demand strict proof thereof.

44. As to Jones, deny and demand strict proof thereof.

45. As to Jones and Kathman, deny and demand strict proof thereof.

46. As to Kathman, deny and demand strict proof thereof.

47. Deny and demand strict proof thereof.

48. Deny and demand strict proof thereof.

49. Admit only that the phones were not seized on the night of the shooting. As to any allegation of wrongdoing by Answering Defendants, deny and demand strict proof thereof.

50. Lack knowledge and information about what Spivey's family viewed or why. Admit that Spivey's body remained in the truck until it was transported to be processed. Deny that

such was improper. Deny any allegations inconsistent with the above and demand strict proof thereof.

51. Deny and demand strict proof thereof.

52. Admit the filing date of the original Complaint. Deny that the Amended Complaint relates back as to any claim not asserted in the original Complaint, deny that any statute of limitations was tolled, deny any wrongdoing or concealment by Answering Defendants, and demand strict proof thereof.

53. Deny all allegations of wrongdoing by Answering Defendants in this paragraph and demand strict proof thereof.

54. Upon information and belief, admit.

55. Upon information and belief, admit that such a motion was filed and that Plaintiff PR prevailed on it. Deny any allegations of wrongdoing by Answering Defendants and demand strict proof thereof.

56. Answering Defendants do not take a position on the separate civil litigation and assert that it will be up to the court in that action whether Plaintiff's claims are meritorious.

57. Deny and demand strict proof thereof.

58. Admit that Hill was Chief and Strickland was a Deputy Chief. Lack knowledge and information about the remaining allegations of this paragraph, including any anticipated succession and the participants in or decisions made at any meeting, and therefore deny and demand strict proof thereof.

59. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent a response is required, deny.

60. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent a response is required, deny.

61. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; therefore, no response is necessary. To the extent a response is required, deny.

62. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; however, to the extent that this paragraph alleges wrongdoing or "violations" by Answering Defendants, deny and demand strict proof thereof.

63. This paragraph is directed at a Defendant other than Answering Defendants and concerns facts of which Answering Defendants have no knowledge; however, to the extent that this

paragraph alleges wrongdoing or "misconduct" by Answering Defendants, deny and demand strict proof thereof.

64. Deny and demand strict proof thereof.

**FIRST CAUSE OF ACTION**

(Access to the Courts and, in the Alternative, Deprivation of Property Interest in Choses in Action — By the Personal Representative against the Individual Defendants)

65. Answering Defendants reassert their prior responses and defenses as if restated fully herein.

66. Admit only that Plaintiffs purport to assert this cause of action against, among others, Answering Defendants. As to each Answering Defendant, deny all allegations of wrongdoing set forth in subparagraphs (b), (d), (e), (f), (i), and (l), deny that the conduct attributed to any Answering Defendant violated any constitutional right, and demand strict proof thereof. The remaining subparagraphs are directed at other Defendants and require no response from Answering Defendants.

67. Admit that Answering Defendants were acting under color of state law. Deny any remaining allegations.

68. Paragraph 68 quotes a South Carolina statute, which speaks for itself, and requires no response.

69. Paragraph 69 quotes a South Carolina statute, which speaks for itself, and requires no response.

70. This paragraph states legal conclusions concerning probate and wrongful death law to which no response is required. To the extent a response is required, Answering Defendants lack knowledge and information sufficient to form a belief and therefore deny and demand strict proof thereof.

71. This paragraph states legal conclusions concerning probate and wrongful death law to which no response is required. To the extent a response is required, Answering Defendants lack knowledge and information sufficient to form a belief and therefore deny and demand strict proof thereof.

72. This paragraph states legal conclusions concerning probate and survival law to which no response is required. To the extent a response is required, Answering Defendants lack knowledge and information sufficient to form a belief and therefore deny and demand strict proof thereof.

73. Upon information and belief, admit.

74. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, deny.

75. This paragraph states legal conclusions to which no response is required. To the extent a response is required, deny that Plaintiff PR was deprived of any protected property interest, deny that any process was due that was not afforded, deny that state remedies are inadequate, and deny all allegations of wrongdoing by Answering Defendants.

76. Deny as stated and demand strict proof thereof.

77. Deny as stated and demand strict proof thereof.

78. Deny and demand strict proof thereof.

79. The first sentence requires no response, but Answering Defendants note Plaintiffs' concession that they assert no right to any particular police investigation or to the arrest, prosecution, or non-prosecution of any person. Answering Defendants deny the remainder of this paragraph and demand strict proof thereof.

80. Admit that Plaintiff PR was not prevented from filing suit. Deny the remaining allegations and demand strict proof thereof.

81. Deny that Answering Defendants inflicted any injury on Plaintiffs, deny all allegations of wrongdoing, and demand strict proof thereof.

82. This paragraph consists largely of legal conclusions requiring no response. To the extent a response is required, deny that state-court remedies are inadequate and deny all allegations of wrongdoing by Answering Defendants, and demand strict proof thereof.

83. This paragraph does not make any factual allegations against Answering Defendants. To the extent that it does, deny and demand strict proof thereof.

84. Admit only that the choses in action remain docketed. Deny the remaining allegations and demand strict proof thereof.

85. This paragraph states legal conclusions to which no response is required. To the extent a response is required, deny that any right asserted by Plaintiff PR was clearly established as applied to the conduct alleged against any Answering Defendant, deny that any Answering Defendant engaged in the conduct characterized in this paragraph, and demand strict proof thereof.

86. This is a statement of law regarding the claims being brought, to which no response is required. To the extent a response is required, deny that any Answering Defendant entered into any agreement or conspiracy, deny the allegations of wrongdoing, and demand strict proof thereof.

87. Deny and demand strict proof thereof. Answering Defendants specifically deny that any exception to the intracorporate conspiracy doctrine applies to them.

88. Deny and demand strict proof thereof.

**SECOND CAUSE OF ACTION**
(Supervisory Liability against Defendant Hill)

89. Answering Defendants reassert their prior responses and defenses as if restated fully herein.

90.–96. Paragraphs 90 through 96 are directed solely at a Defendant other than Answering Defendants and therefore require no response. To the extent any allegation in these paragraphs is construed to allege wrongdoing by any Answering Defendant, it is denied and strict proof is demanded thereof.

**THIRD CAUSE OF ACTION**
(Monell Liability against Horry County)

97. Answering Defendants reassert their prior responses and defenses as if restated fully herein.

98.–104. Paragraphs 98 through 104 are directed solely at a Defendant other than Answering Defendants and therefore require no response. To the extent any allegation in these paragraphs is construed to allege wrongdoing by any Answering Defendant, it is denied and strict proof is demanded thereof.

**FOURTH CAUSE OF ACTION**
(Deprivation of Parents' Quasi-Property Interest in Remains — against Strickland, Kathman, Stephenson, Jones and Dishong, and Separately against Horry County)

105. Answering Defendants reassert their prior responses and defenses as if restated fully herein.

106. Admit only that Plaintiffs Deborah and Byron Spivey purport to assert this cause of action against, among others, Kathman, Stephenson, Jones and Dishong. Deny that this cause of action states a claim against any Answering Defendant.

107. This paragraph states legal conclusions to which no response is required. To the extent a response is required, deny the characterization of South Carolina law, deny that the interest alleged is protected by the Fourteenth Amendment, and deny that any such interest was deprived.

108. The cited statutes speak for themselves. Admit that the cited statutes govern the custody of a decedent's body following a death as a result of violence and vest authority over the removal, examination, and release of the body in the coroner. Deny the remaining allegations and deny that Answering Defendants mistreated Spivey's body, and demand strict proof thereof.

109. Admit that Kathman, Stephenson, Jones and Dishong were acting under color of state law. Admit that Kathman made the decision regarding the tow of the vehicle and that Stephenson was involved in that decision, as stated in response to paragraphs 28 and 30. Dishong admits that he made the decision to have officers turn off their body-worn cameras, as stated in response to paragraph 25, but denies any nefarious purpose and denies that the decision had any connection to the handling of Spivey's remains. Paragraph 109 contains no allegation that Jones participated in the handling of Spivey's remains; to the

extent any such allegation is implied, it is denied. Deny all remaining allegations, including any allegation that Answering Defendants left the body to "bake," desecrated or mishandled the body, or concealed any fact for an improper purpose, and demand strict proof thereof.

110. This paragraph is a statement of law and capacity to which no response is required. To the extent there are allegations against Answering Defendants, deny and demand strict proof thereof.

111. Deny and demand strict proof thereof.

112. Deny and demand strict proof thereof.

113. Deny and demand strict proof thereof. Answering Defendants specifically deny that Horry County delegated to any Answering Defendant authority over the custody or disposition of Spivey's remains, which South Carolina law vests in the coroner, and deny that any state post-deprivation remedy is inadequate.

114. Deny and demand strict proof thereof.

115. Deny and demand strict proof thereof.

116. Deny the first sentence of this paragraph and demand strict proof thereof. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, deny that any Answering Defendant abused or desecrated Spivey's body, deny that any right asserted was clearly established as applied to the conduct alleged against any Answering Defendant, and deny the remaining allegations.

117. This paragraph is directed at a party other than Answering Defendants and therefore requires no response. To the extent a response is required, deny.

118. Deny the allegations of this paragraph, deny that Answering Defendants caused any injury to Plaintiffs, and deny that Plaintiffs are entitled to any of the relief sought, and demand strict proof thereof.

**FIFTH CAUSE OF ACTION**

(Supervisory Liability against Strickland and Hill)

119. Answering Defendants reassert their prior responses and defenses as if restated fully herein.

120.–126. Paragraphs 120 through 126 are directed solely at Defendants other than Answering Defendants and therefore require no response. To the extent these paragraphs, including paragraphs 121, 122, and 125, refer to Kathman, Stephenson, or Dishong or allege that subordinate officers abused, desecrated, or mishandled Spivey's remains, Answering Defendants deny those allegations and demand strict proof thereof.

**PRAYER FOR RELIEF AND JURY DEMAND**

127. Answering Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, including subparagraphs (a) through (e). Plaintiffs' jury demand requires no response.

**FOR A SECOND DEFENSE**
(Failure to State a Claim — Fed. R. Civ. P. 8 and 12; Motion to Dismiss)

128. Plaintiffs have failed to state a claim upon which relief may be granted against Answering Defendants. Answering Defendants have filed a Motion to Dismiss pursuant to Rules 12(b)(6), 12(c), and 12(h)(2)(B) contemporaneously with this Amended Answer and incorporate by reference the grounds set forth in that Motion and its supporting Memorandum as if fully restated herein. Answering Defendants further join in and adopt, to the extent applicable to them, the grounds for dismissal set forth in the motions filed by Defendant Strickland (ECF No. 25) and Defendants Spencer, Johnson and Lent (ECF No. 27). The filing of this Amended Answer does not waive and shall not be construed as a waiver of any of those grounds.

**FOR A THIRD DEFENSE**
(Qualified Immunity)

129. The actions and inactions of each individual Answering Defendant, to the extent they actually occurred, were objectively reasonable under the circumstances of which he was aware. Their conduct did not violate any clearly established constitutional, federal, or statutory right of which a reasonable official would have known, and each Answering Defendant is therefore entitled to qualified immunity, which is immunity from suit and not merely a defense to liability. Answering Defendants request that this defense be determined at the earliest possible stage of the litigation and before discovery.

**FOR A FOURTH DEFENSE**
(No Cognizable Access-to-Courts Claim — *Christopher v. Harbury*)

130. Plaintiff PR's wrongful death and survival action against Boyd and Williams remains pending in the Horry County Court of Common Pleas, has not been dismissed, and has survived a dispositive immunity motion. Plaintiff PR has not been denied access to the courts, has suffered no actual injury to her ability to pursue the underlying claims, and cannot identify a remedy unavailable in that action or in any suit that may yet be brought. Any such claim is, at a minimum, premature and not ripe.

**FOR A FIFTH DEFENSE**
(No Protected Property Interest; No Entitlement to Investigation)

131. The choses in action asserted by Plaintiff PR remain pending and have not been taken or extinguished. Plaintiffs have no constitutionally protected interest in the manner in which a criminal investigation is conducted or in the arrest, prosecution, or non-prosecution of any person, and the investigative decisions alleged are discretionary functions that create no protected entitlement.

**FOR A SIXTH DEFENSE**
(No Deprivation of Interest in Remains)

132. The interest South Carolina law confers on next of kin is the right to receive the decedent's body for burial following the coroner's investigation. Plaintiffs Deborah and Byron Spivey received their son's remains and do not allege that custody, release, or burial was denied or delayed. Custody of the remains during the investigation was vested by statute in the coroner, S.C. Code Ann. §§ 17-5-520, -530, -570 and -580, and Answering Defendants deprived Plaintiffs of no protected interest.

**FOR A SEVENTH DEFENSE**
(Adequate State Post-Deprivation Remedy — *Parratt v. Taylor*)

133. To the extent any Answering Defendant is alleged to have acted outside the authority conferred by state law, any resulting deprivation was random and unauthorized, and South Carolina provides adequate post-deprivation remedies, including common-law remedies and the South Carolina Tort Claims Act, such that no procedural due process violation occurred.

**FOR AN EIGHTH DEFENSE**
(No Constitutional Violation; Conduct Not Conscience-Shocking)

134. The alleged actions and inactions of Answering Defendants did not rise to the level of a constitutional violation, were not arbitrary or conscience-shocking, and Plaintiffs did not suffer any infringement of constitutional or federal rights, privileges, or immunities. Any alleged violations were not sufficiently serious to implicate the provisions of the United States Constitution.

**FOR A NINTH DEFENSE**
(Negligence Not Actionable Under § 1983)

135. To the extent the Amended Complaint alleges that any Answering Defendant failed to separate witnesses, seal a vehicle, seize or catalog evidence, collect video, or otherwise performed an investigative task inadequately, such allegations sound at most in negligence, which is not actionable under 42 U.S.C. § 1983.

**FOR A TENTH DEFENSE**
(No Personal Participation; No Respondeat Superior Liability)

136. Liability under 42 U.S.C. § 1983 is personal. The Amended Complaint does not allege facts showing that any Answering Defendant personally participated in the deprivation of any constitutional right, and Answering Defendants cannot be held liable on the basis of collective allegations against "Defendants," on a respondeat superior basis, or for the acts of any other person.

**FOR AN ELEVENTH DEFENSE**
(No Conspiracy; Intracorporate Conspiracy Doctrine)

137. Answering Defendants did not reach any agreement or mutual understanding with any person to accomplish any unlawful objective. Further, as employees of a single governmental entity acting within the scope of their employment, Answering Defendants are legally incapable of conspiring with one another or with other employees of the same entity, and no exception to the intracorporate conspiracy doctrine applies to them.

**FOR A TWELFTH DEFENSE**
(Lack of Proximate Cause; Intervening and Superseding Acts)

138. Any injuries alleged to have been incurred by Plaintiffs were not proximately caused by the acts, conduct, or omissions of Answering Defendants. If any individual Answering Defendant was negligent or otherwise at fault, which is specifically denied, the injuries and damages sustained by Plaintiffs, if any, were due to and caused by the intervening and superseding acts or omissions of others, including Boyd, Williams, and their representatives, for which Answering Defendants are not liable.

**FOR A THIRTEENTH DEFENSE**
(No Actual Injury)

139. Plaintiffs suffered no actual injury as a result of the conduct alleged against Answering Defendants.

**FOR A FOURTEENTH DEFENSE**
(Waiver, Estoppel, Laches, Acquiescence, Stale Demand, Statute of Limitations)

140. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, acquiescence, stale demand, and the applicable statute of limitations.

**FOR A FIFTEENTH DEFENSE**
(South Carolina Tort Claims Act)

141. As to any claim arising under common law or state law, Answering Defendants assert the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, et seq., as a defense and do not waive any of the rights, privileges, or immunities therein. To the extent there are any claims by Plaintiffs for the intentional infliction of emotional distress, they are not actionable against Answering Defendants under the plain language of the South Carolina Tort Claims Act.

**FOR A SIXTEENTH DEFENSE**
(Failure to Mitigate)

142. Plaintiffs' claims are barred or must be reduced by Plaintiffs' failure to mitigate damages, should there be any damages.

**FOR A SEVENTEENTH DEFENSE**
(Absence of Bad Faith, Malice or Corrupt Motive)

143. The individual Answering Defendants did not perform any act or omission alleged in bad faith, with corrupt motives, or in a malicious manner.

**FOR AN EIGHTEENTH DEFENSE**
(Punitive Damages Unconstitutional and Inappropriate)

144. Punitive damages are not recoverable against Answering Defendants under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment, and similar provisions of the South Carolina Constitution. Further, an award of punitive damages is not appropriate because the acts, conduct, or omissions, if any, of Answering Defendants were not motivated by evil motive or intent and did not involve reckless or callous indifference to Plaintiffs' federally protected rights.

**FOR A NINETEENTH DEFENSE**
(Illegality)

145. The doctrine of illegality bars the instant action.

**FOR A TWENTIETH DEFENSE**
(Unclean Hands)

146. Claims made on behalf of the Estate are barred by the doctrine of unclean hands.

**FOR A TWENTY-FIRST DEFENSE**
(Duplicative Lawsuit; Abstention; Federalism, Efficiency and Comity)

147. This lawsuit is duplicative of, or redundant with, the Underlying Case pending in the Horry County Court of Common Pleas, Case No. 2024-CP-26-03798, and should be dismissed or stayed. Alternatively, considerations of federalism, efficiency, and comity weigh in favor of the Court exercising its discretionary authority to abstain from hearing this action, or to stay it, pending resolution of the Underlying Case.

**FOR A TWENTY-SECOND DEFENSE**
(Lack of Standing and Capacity)

148. Plaintiff Foley may lack standing or capacity to pursue this matter, including to the extent her appointment as Personal Representative has not been established.

**RESERVATION OF DEFENSES**

149. Answering Defendants reserve the right to amend this Amended Answer to assert additional defenses as they become known through the course of discovery.

WHEREFORE, having fully answered the Amended Complaint, Answering Defendants pray that the Court grant their Motion to Dismiss; that the Amended Complaint be dismissed with prejudice as to them; that Plaintiffs be responsible for all costs and fees associated with defending this action, including fees as permitted by 42 U.S.C. § 1988; and for all such further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Robin L. Jackson*

ROBIN L. JACKSON
Fed. Id No.: 07465
Senn Legal, LLC
Post Office Box 12279
(843) 556-4045
Robin@sennlegal.com

Attorney for Defendants Jones, Higgs, Dishong, Stephenson, Kathman and Sotile

November 16, 2026
Charleston, South Carolina